UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MEZQUITA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | No.  2:12-cv-2042-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion and denies the Commissioner's motion.

I.     BACKGROUND

Plaintiff protectively filed for a period of disability, DIB, and SSI on November 25, 2008, alleging that he had been disabled since November 10, 2006. Administrative Record ("AR") 136-144. Plaintiff's applications were initially denied on June 19, 2009, and upon reconsideration on August 24, 2009. *Id.* at 94-97, 100-04. On June 15, 2010, a hearing was held before

1

administrative law judge ("ALJ") Carol Eckersen. *Id.* at 31-83. Plaintiff was represented by counsel at the hearing, at which he and a Vocational Expert ("VE") testified. *Id.*

On August 20, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 11-20. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since November 10, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant has the severe medically determinable impairments of cognitive disorder not otherwise specified (NOS), status-post traumatic brain injury in 2006, and history of marijuana abuse (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

\* \* \*

5. After consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: limited to the performance of simple repetitive tasks.

\* \* \*

6. The claimant is capable of performing past relevant work as a temporary laborer, because this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from the alleged onset date of November 10, 2006 through the date of this decision. (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 13-20.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 7, and on June 6, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to find that plaintiff's physical impairments were severe at step-two of the sequential evaluation process, (2) rejecting plaintiff's testimony and third-party statements without legally sufficient reasons, and (3) failing to properly question the VE.

A. The ALJ Failed to Consider Plaintiff's Physical Impairments at Step Two

Plaintiff argues that the ALJ erred at the second step of the sequential evaluation process by failing to find plaintiff's carpal tunnel syndrome, shoulder impairments, and degenerative disc disease were severe impairments. ECF No. 13 at 21-23.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. *Yuckert*, 482 U.S. at 153. At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). A severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An ALJ must consider all of the evidence at step two to determine whether a

4

medically determinable impairment significantly limits the claimant's ability to perform basic work activities. *Id*. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96–3p (1996)). Step two is "a de minimis screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id*. at 687 (citations and quotation marks omitted and modification in original).

At step two the ALJ found that plaintiff only had severe mental impairments despite objective medical evidence showing the presence of physical impairments. A nerve conduction study was performed on February 15, 2007, which was "consistent with severe left carpal syndrome with conduction blockage through the carpal area." AR 406. X-rays performed on October 2, 2005 showed an anterior-inferior dislocated left shoulder. *Id*. at 340. Plaintiff's diagnosis was dislocation/reduction of the left shoulder. *Id*. at 336. On March 2, 2010, plaintiff underwent a physical therapy evaluation. *Id*. at 425-427. The evaluation form noted that plaintiff's medical history included right shoulder tendonitis/bursitis and left shoulder dislocation. *Id*. at 425. Katie Shinoda, the physical therapist that performed the evaluation, opined that plaintiff's shoulder symptoms were consistent with right shoulder rotator cuff tendonitis and a left shoulder rotator cuff tear. *Id*. at 426. The record also contained evidence showing that plaintiff suffered from degenerative disc disease. An August 15, 2006 CT scan of his lumbar spine showed "degenerative changes of the lumbar spine predominately affecting the L5-S1 disc with posterior disc protrusion abutting the left S1 nerve root." *Id*. at 314.

The ALJ's decision does not explain why she concluded that plaintiff's carpal tunnel syndrome, shoulder impairments, and degenerative disc disease did not rise to the level of severe, as defined above. The ALJ acknowledged that the medical evidence showed that plaintiff had degenerative disc disease. But the ALJ did not indicate how, if at all, plaintiff's degenerative disc disease impacted his ability to work. As for plaintiff's carpal tunnel syndrome and shoulder

/////

1  impairments, the ALJ's step-two analysis makes no reference to these impairments. Accordingly,
2  the court cannot discern why the ALJ found that these impairments were not severe.

3  Defendant argues that the ALJ properly concluded that plaintiff's physical impairments
4  were not severe. According to defendant, the medical opinion of Dr. Vesali, an examining
5  physician, supports the finding that plaintiff's carpal tunnel syndrome, shoulder impairment, and
6  degenerative disc disease did not caused any functional limitations. ECF No. 14 at 9-11. Dr.
7  Vesali completed a comprehensive neurological evaluation on April 1, 2009. AR 350-353. He
8  opined that plaintiff could walk and stand for 6 hours in an 8-hour workday, sit for 6 hours in an
9  8-hour workday, and could lift and carry without limitation. *Id*. at 353. It was also his opinion
10 that plaintiff had no postural or manipulative limitations. *Id*.

11 Although Dr. Vesali's opinion could support a finding that plaintiff does not have physical
12 limitations that would preclude him from working, the ALJ's decision contains no such finding.
13 Nor does it discuss Dr. Vesali's medical opinion. Indeed, the ALJ's decision, including her RFC
14 determination, focuses almost entirely on evidence concerning plaintiff's mental impairments,
15 with little to no discussion regarding plaintiff's physical impairments. The ALJ's decision makes
16 a single reference to plaintiff's degenerative disc disease—without indicating how this
17 impairment impacts plaintiff's ability to work—and does not discuss objective medical evidence
18 concerning plaintiff's carpal tunnel syndrome or shoulder impairments. The ALJ, however, was
19 required to consider all the evidence of record in determining whether a claimant is disabled. 20
20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3); *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.
21 1996) (if one severe impairment exists, all medically determinable impairments must be
22 considered in the remaining steps of the sequential analysis) (citing 20 C.F.R. § 404.1523). The
23 ALJ, however, did not consider the evidence concerning plaintiff's physical impairments in
24 assessing his disability claim.

25 Defendant further argues that the ALJ properly found that plaintiff did not have physical
26 limitations due to carpal tunnel syndrome, shoulder dislocation, and degenerative disc disease
27 because plaintiff did not allege any of these impairments in his disability report. ECF No. 14 at
28 11. While plaintiff's disability report did not specifically identify these impairments, *see* AR 156,

6

it cannot be said that the ALJ was unaware that plaintiff claimed that these impairments contributed to his alleged disability.  At the October 5, 2010, hearing, plaintiff's counsel stated that while plaintiff's case primarily involved non-exertional limitations, "there is also evidence of severe carpal tunnel syndrome and left shoulder impairment and, also, degenerative disc disease of the lumbar spine." AR 35-37.  Counsel specifically argued that these impairments interfered with plaintiff's ability to work. *Id*. at 37.  Furthermore, plaintiff testified that impairments to his hand, shoulder, and back interfered with his ability to work. *Id*. at 40, 64.

The record shows that plaintiff alleged disability due to both mental and physical limitations.  The ALJ, however, focused almost exclusively on plaintiff's mental impairments, without considering evidence of physical impairments, including objective medical evidence concerning plaintiff's carpal tunnel syndrome, shoulder impairment, or degenerative disc disease. The ALJ failure to consider all of plaintiff's impairments constitutes reversible error.  *See Smolen*, 80 F.3d at 1290.  Accordingly, the matter must be remanded to allow the ALJ to consider all of plaintiff's impairments in assessing his disability claim.[2]

IV. CONCLUSION

The ALJ failed to consider all the evidence of record in reaching her decision.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in the plaintiff's favor; and

4. The matter is remanded for further consideration consistent with this opinion.

DATED: March 27, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As consideration of plaintiff's physical impairments may impact the ALJ's credibility consideration and the questioned posed to a VE on remand, the court declines to address these arguments.

7